UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOSSEIN RAZMI,

      Plaintiff,        Case No. 15-10430

v.        Paul D. Borman
       United States District Judge

SOLARONICS, INC.,
a Michigan corporation,

      Defendant.
_____/

OPINION AND ORDER (1) GRANTING MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF (ECF NO. 23), (2) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 21) AND (3) SETTING A STATUS CONFERENCE FOR **TUESDAY, DECEMBER 1, 2015 AT 3:30 P.M.**

Before the Court is Plaintiff's counsel's Motion to Withdraw (ECF No. 23) and Plaintiff's Motion for Appointment of Counsel (ECF No. 21). The Court held a hearing on both motions on October 22, 2015. For the reasons that follow, the Court GRANTS the motion to withdraw, DENIES the motion to appoint counsel and ORDERS the parties to appear for a status conference on Tuesday, December 1, 2015 at 3:30 p.m.

I.     **Motion to Withdraw as Counsel**

On October 14, 2015, Plaintiff's counsel, Gasiorek, Morgan, Greco, McCauley & Kotzian, P.C., specifically Donald J. Gasiorek and Angela Mannarino, filed a motion to withdraw as counsel for Plaintiff. Prior to the filing of counsel's motion, Plaintiff filed with the Court a letter advising the Court that he had "fired" Gasiorek Morgan from representing

1

him in this case. (ECF No. 19.)

Plaintiff's counsel's motion represents, citing the Plaintiff's notice to the Court that Plaintiff has terminated his counsel, that there "clearly has been a complete breakdown in the communications and relationship" between the Gasiorek firm and the Plaintiff. Plaintiff's counsel seeks to withdraw and represents that it will cooperate in providing all pertinent files to successor counsel. This breakdown in the attorney client relationship was confirmed by both the Plaintiff and his counsel at the hearing on the motion. The Court notes that at the hearing on the motion to withdraw, Mr. Gasiorek delivered to Plaintiff the entire file related to his firm's representation of Plaintiff in this matter.

Accordingly, the Court finds that there clearly has been a material breakdown in the attorney client relationship and GRANTS the motion to withdraw.

## II.     Plaintiff's Motion to Appoint Counsel

Along with his Notice of termination of his counsel, Plaintiff filed a Motion for Appointment of Counsel. ECF No. 21. Plaintiff does not accompany his motion with any type of financial affidavit to support his need for appointed counsel, but explains that his unemployment benefits have ceased and that he is "not in a position to hire a consular to present [his] case." ECF No. 21, p. 1. He asks that the Court appoint counsel to represent him in this action.

The decision whether to appoint counsel rests within the sound discretion of the district court. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is

justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself." *Id.* at 606 (internal quotation marks and citations omitted).

The Court concludes that Plaintiff has failed to establish that exceptional circumstances exist in this case justifying the appointment of counsel at this stage of proceedings. This age/national origin discrimination case does not appear to be a particularly complex legal matter. Importantly, Plaintiff was assisted by competent counsel in navigating his way through the critical discovery phase of this case. Plaintiff voluntarily dismissed that counsel when preparations would have been underway for filing dispositive motions, which were originally scheduled to be filed on or before on November 23, 2015. Additionally, Plaintiff provides no information regarding his financial condition that would permit the Court to make a finding that he cannot afford to retain counsel.

The Court finds that this case does not present the type of "exceptional circumstances" that would justify appointment of counsel. Accordingly, the Court DENIES Plaintiff's motion for appointment of counsel.

### III. Conclusion

For the foregoing reasons, the Court GRANTS the motion to withdraw and DENIES the motion for appointment of counsel.

The parties shall appear for a status conference on **Tuesday, December 1, 2015 at 3:30 p.m.**, at which time the Court will reset the remaining scheduling order deadlines in this

case. If Plaintiff has not retained new counsel by that date, Plaintiff shall appear *in pro per*. The deadlines set forth in the Court's current Case Management and Scheduling Order (ECF No. 10) shall be held in abeyance pending the December 1, 2015 status conference.

IT IS SO ORDERED.

                          s/Paul D. Borman
                          PAUL D. BORMAN
                          UNITED STATES DISTRICT JUDGE

Dated: November 5, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 5, 2015.

                          s/Deborah Tofil
                          Case Manager