UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOSSEIN RAZMI,

    Plaintiff,        CIVIL ACTION NO. 15-cv-10430

v.        DISTRICT JUDGE PAUL D. BORMAN

SOLARONICS, INC.,        MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is a *pro se*[1] employment discrimination action filed by Plaintiff Hossein Razmi against Defendant Solaronics, Inc. on February 2, 2015. (Docket no. 1.) Before the Court is Defendant's Motion for Summary Judgment. (Docket no. 27.) In response, Plaintiff filed a "Dispositive Motion Supporting Case"[2] (docket no. 32), to which Defendant replied (docket no. 37). Also before the Court are (1) Plaintiff's Motion to Dismiss the Deposition of Plaintiff (docket no. 34) and Defendant's Response (docket no. 38); (2) Plaintiff's "Non-Discovery Motion" (docket no. 39) and Defendant's Response (docket no. 40); (3) Plaintiff's Motion for Court to Order Mediation (docket no. 41); and (4) Plaintiff's Motion to Compel Discovery (docket no. 42) and Defendant's Response (docket no. 46). This action has been referred to the undersigned for all pretrial proceedings. (Docket no. 33.) The Court has reviewed the pleadings,

---

[1] Plaintiff was initially represented by counsel, whose Motion to Withdraw was granted on November 5, 2015. (Docket no. 25.)

[2] A review of Plaintiff's "Dispositive Motion" reveals that it is not a motion at all; it is a response to Defendant's Motion for Summary Judgment, and the Court will construe it as such. In this document, Plaintiff seemingly attempts to add a claim of retaliation against Defendant by "solidly swearing" that Defendant terminated him based on "age, national origin, and revenge," and stating that "he is sure revenge was the third excuse of Defendant [] for termination of his employment." (Docket no. 32 at 17.) It is wholly inappropriate and procedurally incorrect to set forth new legal claims in one's response to a dispositive motion. Accordingly, the Court will not consider Plaintiff's retaliation "claim."

dispenses with oral argument on the motions pursuant to Eastern District of Michigan Local Rule 7.1(f), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## I. RECOMMENDATION

For the reasons that follow, it is recommended that Defendant's Motion for Summary Judgment (docket no. 27) be **GRANTED,** Plaintiff's outstanding motions (docket nos. 32, 34, 39, 41, and 42) be **DENIED** as moot, and this matter be dismissed in its entirety.

## II. REPORT

### A. Background

Plaintiff was born on August 23, 1951, and he is of Iranian descent. (Docket no. 1 ¶¶ 10-11.) Plaintiff worked for Defendant from August 25, 1997 to January 10, 2014, when Defendant terminated Plaintiff's employment, allegedly for unsatisfactory performance. (*Id*. ¶¶ 12, 14.) According to a January 10, 2014 termination letter from Defendant's Chief Operating Officer, Richard F. Rush, III, to Plaintiff:

> The Company has made this decision because of your overall performance. As displayed over the past year, your performance has been less than satisfactory. These deficiencies include:
>
> - Organization skills and attention to detail is deficient
>
> - Customer purchase orders are not being entered in a timely manner, or in some cases not entered at all, causing confusion in manufacturing
>
> - Excessive amount of time away from job
>
> - History of anger management issues
>
> - Not completing given assignments by the due date

(Docket no. 27-2 at 2.)

Plaintiff alleges that "[u]pon information and belief, Plaintiff was replaced by someone who is younger and Caucasian." (*Id*. ¶ 16.) Plaintiff further alleges that Defendant's stated

reason for terminating Plaintiff's employment is/was a pretext to discriminate against Plaintiff on the basis of age and national origin in violation of his rights under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, *et seq.*, Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq.*, and Michigan's Elliott-Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws § 37.2101, *et seq.* (*Id.* ¶¶ 18, 20-42.)

### B. Governing Law

Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Docket no. 27.) Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915. A mere scintilla of evidence is insufficient to defeat a properly

supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

**C. Analysis**

*1. Plaintiff's Age Discrimination Claim*

The ADEA prohibits an employer from discharging an individual on the basis of age. 29 U.S.C. § 623(a)(1). Michigan's ELCRA prohibits an employer from discharging an individual "because of religion, race, color, national origin, age, sex, height, weight, or marital status." Mich. Comp. Laws § 37.2202(a). "ELCRA claims are analyzed under the same standards as federal ADEA claims." *Geiger v. Tower Auto.*, 579 F.3d 614, 626 (6th Cir. 2009).

To prevail on an ADEA claim, "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009). In this context, direct evidence is that evidence, which, "if believed, requires the conclusion that age was the 'but for' cause of the employment decision," without requiring any inferences. *Scheick v. Tecumseh Pub. Sch.*, 766 F.3d 523, 530 (6th Cir. 2014). Circumstantial evidence, on the other hand, is that which requires the fact finder to draw inferences to reach the same conclusion. *See id*. "Where, as here, the plaintiff fails to present direct evidence of age discrimination, the claim is analyzed using the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." *Blizzard v. Marion Tech. Coll.*, 698 F.3d 275,

4

283 (6th Cir. 2012). Under *McDonnell Douglas*, "once the plaintiff succeeds in making out a prima facie case of age discrimination, the defendant must 'articulate some legitimate, nondiscriminatory reason' for the termination." *Id.* (quoting *McDonnell Douglas*, 411 U.S. at 802). "If the defendant meets this burden, then the burden of production shifts back to the plaintiff to demonstrate that the proffered reason is a pretext." *Id*. (citation omitted).

To set forth a *prima facie* case of age discrimination using circumstantial evidence under *McDonnell Douglas*, a plaintiff must establish: (1) that he was a member of a protected class; (2) that he was discharged; (3) that he was qualified for the position held; and (4) that he was replaced by someone outside of the protected class. *Geiger*, 579 F.3d at 622. "A person is considered replaced 'only when another employee is hired or reassigned to perform the plaintiff's duties[;' a] person is not considered replaced when his duties are absorbed by another person 'or when the work is redistributed among other existing employees already performing related work.'" *Id*. at 623 (quoting *Barnes v. GenCorp*, 896 F.2d 1457, 1465 (6th Cir. 1990)). The parties do not dispute that Plaintiff can prove the first three elements of the prima facie case: he was sixty-two when Defendant terminated him, and he was promoted from Project Engineer to Senior Project Manager in 2004, a position that he held for ten years. (*See* docket no. 1 ¶¶ 10, 14, 15; docket no. 27-3 at 18.) The element in dispute here is whether Plaintiff was replaced by a younger employee, if at all.

In his Complaint, Plaintiff's sole factual allegation related to discrimination alleges that, "[u]pon information and belief, Plaintiff was replaced by someone who is younger and Caucasian." (Docket no. 1 ¶ 16.) Plaintiff later testified at his deposition that he was replaced by a person named Phil Needham, who was in his mid-40's. (Docket no. 27-3 at 30.) When defense counsel asked Plaintiff who told him that, Plaintiff responded, "I have friends;" when

5

asked again, Plaintiff answered that Lee Burmann told him via telephone about two months after Plaintiff was terminated. (*Id*.)

Defendant argues that Plaintiff has provided no substantively-admissible evidence to establish that he was replaced by Mr. Needham, claiming that, at best, Plaintiff has proffered the inadmissible hearsay of Mr. Burmann. (Docket no. 27 at 22 n.3.) Defendant then directs the Court to the affidavit of its Chief Operating Officer and Plant Manager, Richard F. Rush, III, who attests that Defendant did not hire an employee to replace Plaintiff and has not hired another Project Manager since Plaintiff's termination. (Docket no. 27-14 ¶¶ 1, 16.) Mr. Rush further attests that upon Plaintiff's termination, Defendant divided Plaintiff's duties amongst active employees, namely Plaintiff's supervisor Keith Treakell, Jim Herr, and Phil Needham. (*Id*. ¶¶ 2, 7, 15.) According to Mr. Rush, these employees were approximately 60, 57, and 50 years old, respectively, at the time of Plaintiff's termination. (*Id*. ¶¶ 3, 15.)

Here, Plaintiff has offered no evidence to support his conclusory allegation that Defendant replaced him with "someone who is younger and Caucasian." In fact, it is Defendant, not Plaintiff, who directed the Court to Plaintiff's ambiguous deposition testimony regarding Mr. Needham. Moreover, the only, albeit vague, reference to age discrimination that Plaintiff makes in response to Defendant's Motion, is an assertion that he "has complete knowledge that his job duties were passed on to the younger employees." (Docket no. 32 at 17.) Plaintiff provides no explanation or evidence to support this assertion. Furthermore, this assertion is more consistent than not with Mr. Rush's attestation that Plaintiff's work was redistributed amongst Mr. Treakell, Mr. Herr, and Mr. Needham upon Plaintiff's termination, which, under *Geiger*, does not constitute replacement.

Plaintiff's conclusory and ambiguous allegations are insufficient to defeat Defendant's properly-supported motion on this issue, and Plaintiff has failed to come forward with any significant probative evidence on which a jury could reasonably find that Plaintiff was replaced by anyone, let alone someone outside of his protected class. *See Canton Police Benevolent Ass'n v. United States*, 844 F.2d 1231, 1235 (6th Cir. 1988) (failure to support allegations with appropriate response to summary judgment motion resulted in failure to create genuine issue of material fact). Accordingly, Plaintiff has failed to set forth a *prima facie* case of age discrimination under *McDonnell Douglas*. Ultimately, Plaintiff has failed to meet his burden of proving by a preponderance of the evidence that age was the "but-for" cause of Defendant's decision to terminate him. *See Gross, supra*, 557 U.S. at 177–78. Defendant's Motion for Summary Judgment should therefore be granted with regard to Plaintiff's age-discrimination claim.

2. *Plaintiff's National Origin Discrimination Claim*

Title VII prohibits an employer from discharging an individual "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). As noted above, Michigan's ELCRA prohibits an employer from discharging an individual "because of religion, race, color, national origin, age, sex, height, weight, or marital status." Mich. Comp. Laws § 37.2202(a). Like claims of discrimination brought under the ADEA, absent direct evidence of discrimination, claims brought pursuant to Title VII's antidiscrimination provision and the ELCRA are analyzed using the *McDonnell Douglas* framework, *supra*. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008).

Here, Plaintiff's claims that Defendant discriminated against him on the basis of national origin fail for the same reasons as his age-discrimination claims under the *McDonnell Douglas*

7

framework. In the face of Defendant's properly-supported Motion for Summary Judgment, Plaintiff has offered no evidence to support his conclusory allegation that Defendant replaced him with "someone who is younger and Caucasian." Notably, Plaintiff testified at his deposition that he does not know the nationality of Mr. Needham, the man who allegedly replaced him. (Docket no. 27-3 at 30.) Plaintiff has not set forth a *prima facie* case of discrimination on the basis of national origin. Accordingly, Defendant's Motion for Summary Judgment should be granted in this regard.

### 3. *Plaintiff's Outstanding Motions*

As noted above, Plaintiff has filed (1) a "Dispositive Motion Supporting Case," (docket no. 32), which the Court has construed as Plaintiff's Response to Defendant's Motion for Summary Judgment; (2) a Motion to Dismiss the Deposition of Plaintiff (docket no. 34); (3) a "Non-Discovery Motion" (docket no. 39), which is, essentially, a rambling and incoherent narrative in which Plaintiff complains about the performance of his former counsel; (4) a Motion for Court to Order Mediation (docket no. 41); and (5) a Motion to Compel Discovery (docket no. 42), in which Plaintiff does not actually seek discovery but seemingly seeks a ruling on his Motion for Court to Order Mediation. All of these motions remain outstanding before the Court. Nevertheless, none of these motions, if granted, would cure Plaintiff's failure to set forth a *prima facie* case of discrimination against Defendant. In light of the recommendation that Defendant's Motion for Summary Judgment be granted, Plaintiff's outstanding motions should be denied as moot.

**D.     Conclusion**

For the above-stated reasons, it is recommended that the court **GRANT** Defendant's Motion for Summary Judgment (docket no. 27), **DENY** Plaintiff's outstanding motions (docket nos. 32, 34, 39, 41, and 42) as moot, and dismiss this matter in its entirety.

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

9

Dated: August 16, 2016       s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

      I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: August 16, 2016       s/ Lisa C. Bartlett
                             Case Manager