UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOSSEIN RAZMI,

        Plaintiff,                                Case No. 15-cv-10430

                                                    Paul D. Borman
v.                                                United States District Judge

                                                      Mona K. Majzoub
SOLARONICS, INC.,                        United States Magistrate Judge

        Defendant.
_____/

<u>OPINION AND ORDER
(1) ADOPTING MAGISTRATE JUDGE MAJZOUB'S AUGUST 16, 2016
REPORT AND RECOMMENDATION (ECF NO. 47),
(2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 48),
(3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 27),
(4) DENYING AS MOOT PLAINTIFF'S
OUTSTANDING MOTIONS (ECF NOS. 34, 39, 41, 42),
AND (5) DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE</u>

This is a *pro se* age and national origin employment discrimination action that the Court referred to Magistrate Judge Mona K. Majzoub for all pretrial matters. On August 16, 2016, Magistrate Judge Majzoub issued a Report and Recommendation to grant Defendant's Motion for Summary Judgment, deny Plaintiff's remaining pending motions as moot and dismiss the action in its entirety. (ECF No. 47.)[1] On August 31, 2016, Plaintiff filed a document entitled "Plaintiff's Motion to Compel Discovery Pursuant to Local Rule 37.1" that Magistrate Judge Majzoub correctly construed as Objections to her Report and Recommendation. (ECF No. 48, Pl.'s Objections.) On

---

[1] Magistrate Judge Majzoub correctly construed Plaintiff's filing entitled "Dispositive Motion Supporting Case," (ECF No. 32), as Plaintiff's Response to Defendant's Motion for Summary Judgment.

1

September 13, 2016, Defendant Solaronics, Inc. filed a Response to Plaintiff's Objections. (ECF No. 49, Def.'s Response.)

Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court OVERRULES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report and Recommendation, GRANTS Defendant's Motion for Summary Judgment and DISMISSES this action WITH PREJUDICE.

### I. BACKGROUND

The relevant factual background pertinent to Defendant's motion is adequately set forth in the Magistrate Judge's Report and Recommendation and the Court adopts it here. Report 2-3. To summarize, the Plaintiff, a 64 year-old male of Iranian descent, filed this action against Solaronics alleging that he had been terminated on the basis of his age and national origin and replaced by a younger Caucasian. Defendant states that it terminated Plaintiff for unsatisfactory performance of his job duties and a history of anger management issues. Plaintiff claimed that Defendant's stated reason was a pretext and that he was terminated on the basis of his age and national origin in violation of the Age Discrimination in Employment Act of 1967 (the ADEA), 29 U.S.C. § 621, *et seq.*, Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq.*, and Michigan's Elliott-Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws § 37.2101, *et seq.*

Magistrate Judge Majzoub concluded that Plaintiff, who proceeded on the basis of circumstantial evidence of discrimination, failed to come forward with significant probative evidence identifying his replacement and therefore failed to create a genuine issue of material fact that he was replaced by someone who was younger, defeating his *prima facie* case of age discrimination under

the ADEA or the ELCRA. Magistrate Judge Majzoub further concluded that likewise, because Plaintiff failed to come forward with significant probative evidence to identify his replacement, and therefore failed to create a genuine issue of material fact regarding the national origin of his replacement, he failed to state a *prima facie* case of discrimination under Title VII or the ELCRA.

## II. STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections must be timely to be considered. A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park,* 183 F.3d 515, 519-20 (6th Cir. 1999). "[A] party *must* file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections

enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.* "[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (alterations added). "As long as a party was properly informed of the consequences of failing to object, the party waives subsequent review by the district court and appeal to this court if it fails to file an objection." *Id.*

## III. ANALYSIS

Magistrate Judge Majzoub analyzed Plaintiff's claims of discrimination under the summary judgment framework for claims based on circumstantial evidence set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[2] Under the *McDonnell Douglas* framework, the plaintiff must

---

[2] Plaintiff does not object to the Magistrate Judge's analysis of both his age and national origin claims under a circumstantial evidence standard and thus he has waived any claim that he proceeds on the basis of direct evidence of age and/or national origin discrimination. *See Currie*, 50 F.3d at 379; *Alomari v. Ohio Dept. of Public Safety*, 626 F. App'x 558, 565-66 (6th Cir. 2015) (holding that plaintiff waived any claim that the district court should have analyzed his claims under a circumstantial evidence standard where plaintiff did not present such a claim to the district court). In any event, Plaintiff presented insufficient evidence to proceed on a direct evidence theory. "[D]irect evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions. Consistent with this definition, direct evidence of discrimination does not require a factfinder to draw any inferences in order to conclude that the challenged employment action was motivated at least in part by prejudice against members of the protected group." *Johnson v. Kroger Co.*, 319 F.3d 858, 865 (6th Cir. 2003) (alteration added) (internal quotation marks and citations omitted). In the context of Plaintiff's age discrimination claim, the standard is even higher because in such a case direct evidence is that evidence which, if believed, requires the conclusion that age was the "but for" cause of the adverse employment action. *Scheick v. Tecumseh Public Schools*, 766 F.3d 523, 530 (6th Cir. 2014) (holding that in the context of an age discrimination claim, direct evidence is that which "if believed, requires

first offer evidence that establishes a *prima facie* case of discrimination. For Plaintiff's age discrimination claim, the *prima facie* case requires evidence that: (1) he was at least 40 years old at the time of the alleged discrimination; (2) he suffered an adverse employment action; (3) he was otherwise qualified for the position; and (4) he was replaced by someone outside the protected class. *Geiger v. Tower Auto.*, 579 F.3d 614, 622-23 (6th Cir. 2009). For Plaintiff's national origin discrimination claim, the *prima facie* case requires evidence that: (1) he is a member of a protected class; (2) he was qualified for his job; (3) he suffered an adverse employment decision; and (4) he was replaced by a person outside the protected class or treated differently than similarly situated non-protected employees. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008). The failure to establish a *prima facie* case ends the inquiry and defendant is entitled to summary judgment.

---

the conclusion that age was the "but for" cause of the employment decision."). Direct evidence "would take the form, for example, of an employer telling an employee, 'I fired you because you are [Iranian].'" *Smith v. Chrysler Corp.*, 155 F.3d 799, 805 (6th Cir. 1988) (alteration added). Generalized statements of discriminatory animus, like those described by Plaintiff in his deposition, that are completely untethered from the adverse employment decision, cannot constitute direct evidence that the challenged employment action was motivated by discriminatory animus. (Def.'s Resp. Ex. 2, 8/27/15 Deposition of Razmi Hossein, 131-37.) In addition, the undisputed evidence regarding Plaintiff's close personal friendship with the individual who terminated him belies any claim that Plaintiff's national origin was the basis for his termination – the individual who allegedly terminated Plaintiff, Richard Rush III, asked Plaintiff to serve as the best man at his wedding. And Plaintiff did serve as an usher at Richard Rush III's wedding in 2008. ECF No. 27, Def.'s Mot. Ex. 2, Aug. 27, 2015 Deposition of Hossein Razmi 109-10; Def.'s Mot. Ex. 13, Dec. 31, 2015 Affidavit of Richard F. Rush III ¶ 18. Significantly, Plaintiff testified in his deposition that the alleged remarks regarding his national origin made by various individuals at work began in 2008 and continued through 2014. Razmi Dep. 133:21-22. Thus, at the very same time that Plaintiff served as an usher in Richard Rush III's wedding, remarks regarding his national origin allegedly were commonly made at work. Yet, as Plaintiff admitted in his deposition, he never once complained to anyone that these remarks were discriminatory. Razmi Dep. 138-39. There is insufficient evidence to support a direct evidence claim that Plaintiff's termination was based upon animus toward individuals of Iranian descent.

5

If a *prima facie* case is stated, and if an employer rebuts a stated *prima facie* case with a legitimate, non-discriminatory reason for the adverse employment action, "the presumption of discrimination no longer exists, and [plaintiff] must prove that the reasons offered by the [employer] were in fact pretextual in order to prevail." *Browning v. Dep't of Army*, 436 F.3d 692, 695 (6th Cir. 2006) (alterations added). For a plaintiff to show pretext, he must show the employer's given reason for its conduct "had no basis in fact, did not actually motivate the defendant's challenged conduct, or was insufficient to motivate the defendant's challenged conduct." *Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 268 (6th Cir. 2010). To demonstrate pretext at the summary judgment stage, a plaintiff must produce sufficient evidence from which a jury could reasonably reject the employer's explanation for the adverse employment action. *Schoonmaker*, 595 F.3d at 268; *Browning*, 436 F.3d at 696. The burden of persuading the trier of fact remains at all times with the plaintiff. *Browning*, 436 F.3d at 696 (citing *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 143 (2000)). "An employer is entitled to summary judgment 'if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred.'" *Chen v. Dow Chemical Co.*, 580 F.3d 394, 400 n. 4 (6th Cir. 2009) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000)).

### A. Objection Number One

In his first objection, Plaintiff appears to challenge the evidence Defendant has offered in support of its legitimate business decision to terminate Plaintiff on the basis of his performance and anger management issues. First, this is not a proper Objection because it does nothing more than disagree with the Magistrate Judge's determination, "without explaining the source of the error," and

fails "to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira*, 806 F.2d at 637. In any event, because Magistrate Judge Majzoub concluded that Plaintiff failed to establish that he was replaced by a younger Caucasian and therefore failed to establish a *prima facie* case of either age or national origin discrimination (a finding that Plaintiff does not challenge in his objections), summary judgment is appropriate and the Court need not even proceed further to an examination of the Defendant's legitimate business reasons. Plaintiff's failure to object to the finding that he failed to state a *prima facie* case results in a waiver of review of the issue by this Court and on appeal. *Currie*, 50 F.3d at 379 ("As long as a party was properly informed of the consequences of failing to object, the party waives subsequent review by the district court and appeal to this court if it fails to file an objection.").

Even if Plaintiff had presented a *prima facie* case of age discrimination, and the Court were to take the next step in the *McDonnell-Douglas* burden shifting framework and examine Defendant's legitimate business reasons and Plaintiff's claim of pretext, it would find that no reasonable juror could conclude that the Plaintiff's performance and anger management issues had no basis in fact, were not the actual reason for Plaintiff's termination or were insufficient to explain Defendant's decision to terminate his employment. There is overwhelming evidence in this case supporting Defendant's proffered legitimate business decision for terminating the Plaintiff, the majority of it undisputed by the Plaintiff, who admitted in his deposition that he was given multiple warnings that further incidents of inappropriate behavior (of the type cited in his termination letter) would result in his termination. Plaintiff offers no evidence that these reasons did not or could not have motivated the decision to terminate him or were not the true reason for his termination. Plaintiff admitted in his deposition that Defendant would have had legitimate business reasons to fire him several times

between 2008 and 2014, and acknowledged that notwithstanding these repeated warnings, he was given second chance after second chance, often by the same person who ultimately terminated him, Rick Rush III, who had Plaintiff serve as an usher in his wedding. Plaintiff readily admitted that he had "blown his skirt," his term for lost his temper, in the workplace and also admitted that he yelled at his wife on the phone from work, loud enough for others to hear, to "go f*** herself" and explained to counsel at the deposition that this was his "personal business," and that he would "kick his wife in the ass" if she misbehaved because this is the way that men in his culture "treat [a] Persian woman." Razmi Dep. at 78:7-18, 129:21-130-9.

Not only has Plaintiff failed to establish that Defendant's legitimate business reason for his termination was a pretext, but Plaintiff himself validated those legitimate reasons in his deposition, under the guidance of experienced then-counsel.[3] In this case, even if Plaintiff had presented a *prima*

---

[3] Plaintiff filed a motion in this case on February 16, 2016, after having been served with Defendant's motion for summary judgment, requesting that he be given a chance to "redo" his deposition and complaining that the depositions of several of Defendant's employees, including Richard F. Rush III who allegedly terminated Plaintiff, had never been taken by his counsel. (ECF No. 34, "Plaintiff Seeking Concurence [sic] in Motion to Dismiss Disposition [sic] of Plaintiff," PgID 461, 467.) Plaintiff had abruptly voluntarily terminated his counsel just around the time that these depositions were scheduled to occur. (ECF No. 19, Notice of Termination of Counsel Effective September 29, 2015.) At the October 22, 2015, hearing on counsel's motion to withdraw, the Court permitted counsel to withdraw, denied Plaintiff's motion for appointment of counsel, held all scheduling order deadlines in abeyance, and gave Plaintiff six weeks to obtain new counsel or to elect to proceed *pro se*. (ECF No. 25, Opinion and Order Granting Motion to Withdraw and Denying Motion to Appoint Counsel).
  Six weeks later, on December 1, 2015, Plaintiff appeared and informed the Court that he had not obtained counsel. The Court advised Plaintiff then that the case would therefore proceed to the dispositive motion stage, which meant that discovery was closed, and specifically asked Plaintiff if he understood what this meant. Plaintiff responded that he did understand and did not mention anything to the Court at that time to indicate that he needed the depositions of the Defendant's witnesses in order to prepare for the dispositive motion stage. The Court issued an Order setting a dispositive motion deadline of January 4, 2016, with responses due on January 25, 2016. (ECF No. 30, 12/1/15 Order.) On January 13, 2016, the Court granted Plaintiff an additional extension of time to prepare his response. (ECF No. 30, Order Granting Request.) That request for additional time

8

*facie* case, summary judgment would be appropriate on the basis of "abundant and uncontroverted independent evidence that no discrimination had occurred." *Chen,* 580 F.3d at 400 n. 4 (internal quotation marks and citation omitted). Thus, although Plaintiff has not objected to the Magistrate Judge's finding that he failed to establish a *prima facie* case of either age or national origin discrimination, his claims would not survive summary judgment even had he advanced past the *prima facie* stage.

B.  **Objection Number Two**

In his second objection, Plaintiff states his belief that age discrimination was the "# 1 factor" for his termination and that he will produce witnesses to the Court if necessary. Again, this is not a proper Objection because it does nothing more than disagree with the Magistrate Judge's determination, "without explaining the source of the error," and fails "to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira,* 806 F.2d at 637. The

---

to file a response again did not mention the need for further discovery, but rather sought more time to "find employment" and "an attorney." (ECF No. 28, Request for Extension of Time.) Given the Court's extensive accommodations granted to Plaintiff, and the explicit explanations to Plaintiff during in-Court proceedings regarding the status of discovery and upcoming deadlines, the Court is unpersuaded by Plaintiff's objection that he now needs to examine (or will now provide) more witnesses and documents to support his claims.

In addition, given the fact, as discussed *supra*, that Plaintiff admitted in his deposition that he received several written warnings that he acknowledged at the time were valid, and admitted that Defendant would have had legitimate business reasons to fire him several times between 2008 and 2014 based on those warnings, he simply cannot now create a genuine issue of material fact that Defendant's business reasons for terminating him were a pretext for discrimination. Plaintiff provides the Court with no authority to support his request for a "redo" of his deposition. And the testimony he gave is the very evidence that confirms the legitimacy of Defendant's business reasons for his termination and also defeats any argument of pretext. "Although [Razmi] is [now] a pro se litigant, and we have a corresponding duty to accord him 'the benefit of a liberal construction of [his] pleadings and filings, *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), 'pro se plaintiffs are not automatically entitled to take every case to trial . . . [and] the lenient treatment generally accorded to pro se litigants has limits.' *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).") *Farah v. Wellington*, 295 F. App'x 743, 748 (6th Cir. 2008) (alterations added).

failure to file a specific objection results in a waiver of district court and appellate review. *Currie*, 50 F.3d at 379 ("As long as a party was properly informed of the consequences of failing to object, the party waives subsequent review by the district court and appeal to this court if it fails to file an objection."). In any event, the time for presenting such evidence was in response to Defendant's motion. "Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. 317, 323 (1986). *See also Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987). If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 324. "The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. The plaintiff must present more than a mere scintilla of the evidence. To support his or her position, he or she must present evidence on which the trier of fact could find for the plaintiff." *Davis v. McCourt*, 226 F.3d 506, 511 (6th Cir. 2000) (internal quotation marks and citations omitted). The non-moving party may not rest upon the mere allegations or denials of his pleadings; the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). "When a motion for summary judgment is properly made and supported," as it was here by Defendant, "an opposing party may not rely merely on allegations or denials in its own

10

pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The rule requires the non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997).

"Rule 56(e)(2) leaves no doubt about the obligation of a summary judgment opponent to make [his] case with a showing of facts that can be established by evidence that will be admissible at trial. . . . In fact, '[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.' Rule 56(e) identifies affidavits, depositions, and answers to interrogatories as appropriate items that may be used to support or oppose summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose." *Celotex*, 477 U.S. at 323-34. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587 (1986) (footnote omitted).

As discussed above, Plaintiff has failed to present evidence in response to Defendant's well-supported motion for summary judgment sufficient to establish the existence of certain essential elements of his case, namely that he was replaced by a younger Caucasian and that Defendant's

11

legitimate business reason is a pretext for discrimination. This failure of proof mandates the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. Plaintiff's "objection" apparently asks the Court to forgive these failures of proof and give him a chance to "redo" his deposition and produce witnesses to support his claims. As mentioned, this is an improper objection to the Magistrate Judge's Report and Recommendation as it utterly fails to direct the Court's attention to the error allegedly committed by Magistrate Judge Majzoub in her ruling. In any event, as explained below, there is simply no basis for granting this Plaintiff such extraordinary relief.

Plaintiff abruptly voluntarily terminated his attorneys in this matter as of September 29, 2015, just days before the discovery cut off date, and while depositions of certain defense witnesses were scheduled but had not yet occurred. (ECF No. 19, Notice of Termination of Counsel.) At a hearing held before the Court on October 22, 2015, the Court advised Plaintiff that it was going to permit his counsel to withdraw and was going to deny Plaintiff's motion for appointment of counsel. The Court advised Plaintiff that he would have six weeks to retain alternate counsel or continue in the case *in pro per*. On November 5, 2015 Court issued an Order granting Plaintiff's attorneys' motion to withdraw and denying Plaintiff's motion for appointment of counsel. (ECF No. 23, Motion to Withdraw; ECF No. 25, Order Granting Motion to Withdraw and Denying Motion to Appoint Counsel.) On December 1, 2015, Plaintiff appeared before the Court for a status conference and explained that he had not retained new counsel and would be representing himself. The Court advised Plaintiff that the case would proceed to the dispositive stage and that discovery was now closed. The Court specifically asked Plaintiff if he understood what this meant, and Plaintiff responded that he did understand. Following the hearing, the Court issued an Order setting a dispositive motion cut off for January 4, 2016 and a response date of January 25, 2016. (ECF No.

26, Order Setting Dates.)

Plaintiff had ample time for discovery while represented by experienced counsel, and had numerous opportunities throughout the months of November and December, after he had terminated his counsel and elected to proceed *pro se*, to ask the Court for specific discovery that he felt his counsel had failed to obtain. He did not do so then and the Court rejects his "objection/out-of-time request" seeking the opportunity to now "produce witnesses to the Court if necessary." (Objection No. 2.)

### III. CONCLUSION

For the foregoing reasons, the Court:

(1) OVERRULES Plaintiff's Objections (ECF No. 48);
(2) ADOPTS the Report and Recommendation (ECF No. 47);
(3) GRANTS Defendant's Motion for Summary Judgment (ECF No. 27);
(4) DENIES AS MOOT Plaintiff's remaining pending motions (ECF Nos. 34, 39, 41, 42);[4]
(5) DISMISSES this action WITH PREJUDICE.

IT IS SO ORDERED.

Dated: SEP 2 3 2016

Paul D. Borman
United States District Judge

---

[4] Each of these motions was filed after Defendant filed its motion for summary judgment and after Plaintiff filed his response to that motion. None of these filings is authorized by the Court's scheduling or briefing orders. The Court discussed ECF No. 34 *supra* at Note 3, which is MOOT for the reasons set forth in Note 3. ECF No. 39 is entitled a "Non Discovery Motion," and sets forth numerous accusations by the Plaintiff against his former counsel, and is also MOOT in light of the Court's discussion set forth *supra* in Note 3. ECF No. 41 is a "Motion for Court to Order Mediation," expressing Plaintiff's interest in having his case proceed through Alternative Dispute Resolution, which is MOOT in light of the resolution of Defendant's motion for summary judgment. Finally, ECF No 42 is entitled "Motion to Compel Discovery," in which Plaintiff informs the Court that he has proposed to Defendant that the parties attempt to resolve the case through mediation, and attaches his letter to Defense counsel setting forth this proposal. Defendant responded that it has "no interest in participating in Alternative Dispute Resolution at this time" while its motion for summary judgment is pending. (ECF No. 46, Def.'s Resp.)